IN THE SUPREME COURT OF THE STATE OF MONTANA

_____

IN THE MATTER OF REVISING THE RULES  )
FOR LAWYER DISCIPLINARY ENFORCEMENT )    O R D E R
(R.L.D.E. 2002) AND RULE 8.5 AND THE MONTANA )
RULES OF PROFESSIONAL CONDUCT (M.R.P.C.). )

_____

On June 17, 2005, Timothy B. Strauch, Disciplinary Counsel, filed in this Court a Petition to Adopt Amendments to Rules 5, 6, 9, 18, and 30 of the R.L.D.E. 2002, and an Amendment to Rule 3.5 of the M.R.P.C.

Mr. Strauch represents that his petition has been circulated to the Supreme Court's Commission on Practice (COP) and to the State Bar of Montana (State Bar) and that both the COP and the State Bar support the proposed rule changes.

Mr. Strauch's petition was heard by the Court at its public meeting on June 28, 2005. Mr. Strauch and Commission on Practice members Gary L. Davis and Michael F. Lamb offered testimony in explanation and support of the proposed rule changes.

After full discussion and consideration we conclude that Mr. Strauch's petition should be granted.

Therefore, IT IS ORDERED that, effective immediately, Rules 5, 6, 9, 18, and 30, R.L.D.E. 2002, and Rule 8.5, M.R.P.C., are amended in those respects as set forth on Exhibit A attached hereto and by this reference made a part hereof for all purposes. The stricken language is deleted from and underlined language is added to the Rules.

IT IS HEREBY FURTHER ORDERED that the Clerk of this Court give notice of this Order by mail to Timothy B. Strauch, Disciplinary Counsel; to John Warren, Chairperson, Commission on Practice; to Chris Manos, Executive Director, State Bar of Montana; to West Group; and to the State Reporter. Moreover, we request that this Order with Exhibit A be

published in the next available issue of the Montana Lawyer and be posted to the respective websites for the State Bar of Montana and the State Law Library of Montana.

DATED this 5th day of July, 2005.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ BRIAN MORRIS

/S/ JOHN WARNER

/S/ PATRICIA O. COTTER

/S/ JIM RICE

**RULE 5--OFFICE OF DISCIPLINARY COUNSEL**

**A. Appointment.** The Court shall appoint a lawyer to serve as <u>Chief</u> Disciplinary Counsel <u>and may appoint such Deputy Disciplinary Counsels as they deem necessary</u>..  Disciplinary Counsel shall not engage in private practice; shall be admitted to practice in Montana at the time of appointment or within a reasonable time thereafter as determined by the Court; and shall maintain offices in Helena, Montana, in facilities designated by the Court.

**RLDE RULE 6--COSTS AND EXPENSES; FISCAL REVIEWS AND AUDITS**

**A. Office of Disciplinary Counsel.** The costs and expenses of the Office of Disciplinary Counsel shall be paid from an annual assessment of active members of the State Bar of Montana <u>and of non-members admitted to practice under the Montana State Bar pro hac vice rules</u>. The Supreme Court ~~in its discretion~~ shall determine the amount of the annual ~~member~~ assessment.

**MRPC RULE 8.5: JURISDICTION AND CERTIFICATION**

A lawyer who is not an active member in good standing of the State Bar of Montana and who seeks to practice in any <u>state or federal</u> court ~~of~~ <u>located in</u> this State *pro hac vice*, by motion, or before being otherwise admitted to the practice of law in this State, shall, prior to engaging in the practice of law in this State, certify in writing and under oath to this Court that, except as to Rules 6.1 through 6.4, he or she will be bound by these Rules of Professional Conduct in his or her practice of law in this State and will be subject to the disciplinary authority of this State. A copy of said

Exhibit A

certification shall be mailed, contemporaneously, to the business offices of the State Bar of Montana in Helena, Montana.

A lawyer not admitted to practice in this State is subject to the disciplinary authority of this State for conduct that constitutes a violation of these Rules and that: (1) involves the practice of law in this State by that lawyer; or (2) involves that lawyer holding himself or herself out as practicing law in this State; or (3) involves the practice of law in this State by another lawyer over whom this lawyer has the obligation of supervision or control.

## RULE 9--DISCIPLINE AND SANCTIONS

**A. Forms of Discipline.** Discipline may take one or more of the following forms:

(1) Disbarment. "Disbarment" means the unconditional termination of any privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the unconditional exclusion from the admission to or the exercise of any privilege to practice law in this State.
(2) Suspension from the practice of law for a definite period of time or for an indefinite period of time with a fixed minimum term. "Suspension" means the temporary or indefinite termination of the privilege to practice law in this State and, when applied to any attorney not admitted to practice law in this State, means the temporary or indefinite exclusion from the admission to or the exercise of any privilege to practice law in this State.

Exhibit A

**RULE 18--SERVICE**

**A. Service of Complaint.** Service upon the lawyer of a complaint in a formal disciplinary proceeding shall be made by personal service by any person designated by the Office of Disciplinary Counsel or authorized by law, or by ~~registered or certified~~ mail at the last known address of the lawyer, and proof thereof shall be made as provided in Rule 4, Montana Rules of Civil Procedure. <u>For the purposes of this Rule, any attorney who is the subject of a disciplinary matter shall: (1) accept any and all mail from the Montana Supreme Court, the Commission on Practice, or the Office of Disciplinary Counsel to their current address as listed with the State Bar of Montana; and (2) acknowledge and stipulate that any person who may sign for certified mail at that address is an authorized agent for the purpose of notice and service in a disciplinary matter.</u>

**B. Service of Other Papers.** Service of any other papers or notices required by these rules shall, unless otherwise provided by these rules, be made in accordance with the Rules of Civil Procedure of the State of Montana.

**<u>C. Acceptance of Service.</u>** <u>Service by mail as permitted by subparagraph B. herein is deemed complete upon mailing to the attorney's current address as required to be maintained on file with the State Bar.</u>

Exhibit A

**RULE 30--NOTICE TO CLIENTS AND OTHERS**

**A. Recipients of Notice and Contents of Notice.** Unless otherwise ordered by the Adjudicatory Panel or the Supreme Court, within ten days after the date of the order of the Court imposing the discipline of disbarment or suspension, the lawyer shall notify or cause to be notified by registered or certified mail, return receipt requested:

(1) All clients being represented in pending matters;(2) Any co-counsel in pending matters; ~~and~~(3) Any opposing counsel in pending matters or, in the absence of such counsel, the adverse parties, that the Court has ordered the disbarment or suspension of the lawyer and that the lawyer is therefore disqualified to act as a lawyer after the effective date of the order~~.~~; and

(4) any court in which the respondent attorney appears as counsel of record in any pending matter in compliance with Uniform District Court Rule 10 (and any corresponding Local Rule), as well as § 37-61-403, MCA.

Exhibit A